N THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JASON D. BOHANON                                                                              PLAINTIFF

vs.                                         Civil No. 4:11-cv-04004

MICHAEL J. ASTRUE                                                                           DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Jason D. Bohanon ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 5.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1.      **Background:**

Plaintiff protectively filed his disability applications on February 2, 2007.  (Tr. 14, 102-111). In his applications, Plaintiff alleged he was disabled due to the following: "Reading, written expression disorder, learning disability.  I have problems with my sight and mental problems and mood swings.  I have depression.  I feel anxiety and panic attacks frequently.  I feel frustrated.  I feel

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages for this case are referenced by the designation "Tr."

that I am going to lose control of myself." (Tr. 143). Plaintiff alleged an onset date of December 18, 2006. (Tr. 102, 107). These applications were denied initially and again on reconsideration. (Tr. 47-50).

Thereafter, Plaintiff requested an administrative hearing on his applications, and this hearing request was granted. (Tr. 23-46, 63-68). An administrative hearing was held on October 27, 2008 in Texarkana, Arkansas. (Tr. 23-46). At this administrative hearing, Plaintiff was present and was represented by Melynda Pearson. *Id.* Plaintiff and Vocational Expert ("VE") Dr. Tyra A. Bernard-Watts testified at this hearing. (Tr. 23-46, 94-101). On the date of this hearing, Plaintiff was thirty-five (35) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008), and had completed the ninth grade in school. (Tr. 27-29).

On January 29, 2009, subsequent to this hearing, the ALJ entered an unfavorable decision on Plaintiff's applications. (Tr. 14-22). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2010. (Tr. 16, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since December 18, 2006, his alleged onset date. (Tr. 16, Finding 2). The ALJ determined Plaintiff had the following severe impairments: anxiety disorder, depression, and mood disorder. (Tr. 16, Finding 3). The ALJ also determined, however, that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. (Tr. 16-18, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 18-21, Finding 5). First, the ALJ found Plaintiff's subjective allegations were not supported by the overall evidence and were not fully credible. (Tr. 18-21, Finding 5). Second, the ALJ found

Plaintiff retained the RFC to perform "medium" work as defined in 20 C.F.R. §§ 404.1567(c) and 416.967(c) except "non-exertionally [he] is limited to unskilled or rote activity, can understand, follow, remember concrete instructions and contact with supervisors and co-workers is superficial, with limited or no contact with the public." *Id.* Such "medium" work includes the following: "Medium Work. Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work." *See* 20 C.F.R. §§ 404.1567(c) and 416.967(c).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and found Plaintiff's PRW included work as a poultry eviscerator (unskilled, light). (Tr. 21-22, Finding 6). The VE testified at the administrative hearing on this issue. (Tr. 41-43). Based upon that testimony, the ALJ determined Plaintiff retained the capacity to perform this PRW. (Tr. 21-22, Finding 6). Because Plaintiff retained the capacity to perform this PRW, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from December 18, 2006 through the date of his decision or through January 29, 2009.[2] (Tr. 22, Finding 7).

On February 3, 2009, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 10). *See* 20 C.F.R. § 404.968. On December 16, 2010, the Appeals Council declined to review this disability determination. (Tr. 1-3). On January 12, 2011, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on

---

[2] It appears the ALJ also found that even if Plaintiff did not retain the capacity to perform his PRW, he could work as a floor worker (unskilled, light) with 4,920 such jobs in Arkansas, 8,760 such jobs in Texas, and 524,000 such jobs in the nation or as a bag loader (unskilled, light) with 1,850 such jobs in Arkansas, 4,440 such jobs in Texas, and 700,000 such jobs in the national economy. (Tr. 21).

January 28, 2011. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 8-9. This case is now ready for decision.

2.     **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her

disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3.  **Discussion:**

In his appeal brief, Plaintiff raises the following three arguments: (A) the ALJ erred in assessing his alleged substance abuse[3]; (B) the ALJ erred by finding his impairments did not meet the requirements of Listings 12.03, 12.04, 12.06, and 12.08; and (C) the ALJ improperly developed the

---

[3] Plaintiff's actual argument header is that the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 8 at 9-13. After reviewing his argument, however, it appears he is only arguing that the ALJ improperly considered his alleged substance abuse. Thus, this Court will only address that issue.

record.[4]  ECF No. 8 at 8-20.  In response, Defendant argues that substantial evidence supports the ALJ's disability determination, and this case should not be reversed and remanded.  ECF No. 9 at 5-12.  Specifically, Defendant argues that the ALJ properly evaluated the Listings, properly considered Plaintiff's GAF score, and properly posed his hypothetical question to the VE.  *Id.*  This Court will address each of Plaintiff's arguments for reversal.

      A.      **Evaluation of Substance Abuse**

Plaintiff claims the ALJ improperly evaluated his alleged substance abuse.  ECF No. 8 at 9-13.  Specifically, Plaintiff claims the ALJ was required to consider whether his substance abuse was a "contributing factor" to a determination of disability, and the ALJ did not consider this issue in his opinion.  *See* 42 U.S.C. § 423(d)(2)(c).

Despite Plaintiff's claim, the ALJ only considered Plaintiff's substance abuse when assessing whether Plaintiff's allegations were credible. (Tr. 21).   In his opinion, the ALJ notes the following regarding Plaintiff's substance abuse: ". . . the claimant when medically compliant and *avoiding substance abuse* has shown significant reduction in symptoms."  (Tr. 21) (emphasis added).  Clearly, Plaintiff's reported substance abuse may impact his credibility.  This is especially true since he reported "sporadic" cocaine use to his mental health counselor and then claimed at the administrative hearing that he only used cocaine one time.  (Tr. 32-33).

Further, and more importantly, the ALJ is not required to follow the requirements of 42 U.S.C. § 423(d)(2)(c) when the ALJ *does not find* the substance abuse is a "contributing factor."  Thus, Plaintiff's allegation that the ALJ was required to follow this statute in evaluating his substance abuse

---

[4] Plaintiff's argument header is that "The Administrative Law Judge erred in discrediting Plaintiff's testimony."  ECF No. 8 at 19-20.  Upon review, Plaintiff's argument is actually that the ALJ failed to fully and fairly develop the record.  Thus, this Court will only address that issue.

6

is entirely meritless.

    **B.**    **Requirements of the Listings**

Plaintiff claims his mental impairments meet the requirements of Listings 12.03, 12.04, 12.06, and 12.08. ECF No. 8 at 13-19. Each of these four listings requires a demonstration of at least two of the following: (1) marked restriction in activities of daily living; (2) marked difficulty in maintaining social functioning; (3) marked difficulty in maintaining concentration, persistence, or pace; and (4) repeated episodes of decompensation, each of extended duration. This Court will evaluate these categories.

First, Plaintiff claims he has a marked restriction in activities of daily living. Plaintiff argues that he "is totally dependent on his partner and father for activities such as driving and reminding him to take his medication, bathe and even to eat at times." ECF No. 8 at 17-18. However, the record also demonstrates Plaintiff lives alone in a house, drives an automobile without restriction, prepares his meals, shops for groceries, cleans his house, washes laundry, and takes care of his personal hygiene needs. (Tr. 28-29, 35, 164, 166). Also, on June 15, 2006, Dr. Rafeal Otero, Ph.D. examined Plaintiff and described his routine daily activities. (Tr. 216-218). He stated Plaintiff's routine daily activities included being able to care for his personal needs without supervision, shop, perform daily chores, set daily goals and carry them out without supervision, and be aware of normal dangers. *Id.* Based upon this information, this Court finds the ALJ properly determined Plaintiff's daily activities were, at most, only mildly restricted. (Tr. 17).

Second, Plaintiff claims he has a marked difficulty in maintaining social functioning. Plaintiff claims he has been diagnosed with severe panic attacks, anxiety attacks, post-traumatic stress disorder, social anxiety, and agoraphobia that cause this marked difficulty. ECF No. 8 at 18. This

Court has reviewed the records Plaintiff cited in support of his claim. Despite these diagnoses, his medical records indicate he is stable when he takes his medications. (Tr. 237, 326). Further, these medical records demonstrate fairly isolated instances of social impairment, and none of these records indicate Plaintiff has suffered from a marked restriction in this domain for at least a year. (Tr. 254, 317, 326, 331). Thus, the ALJ properly found Plaintiff had only moderate difficulties in maintaining social functioning. (Tr. 17).

Third, Plaintiff claims he has a marked difficulty in maintaining concentration, persistence, or pace. ECF No. 8 at 17-18. Plaintiff claims his GAF score of 30 from January 5, 2007 (Tr. 244) establishes such a marked restriction in this domain. *Id.* This one-time GAF score does not, however, necessarily establish a marked restriction in this domain. *See Juszczyk v. Astrue,* 542 F.3d 626, 632 (8th Cir. 2008) (disregarding a one-time GAF score of 35 to 40 because it was extreme considering the remainder of the medical records). Plaintiff's other medical records also indicate he does not have a marked limitation in this domain. For instance, Dr. Otero found Plaintiff's IQ scores were only on the borderline to low average range. (Tr. 217). Thus, this Court finds the ALJ properly determined Plaintiff only had moderate difficulties in this domain.[5]

    **C.**    **Record Development**

Plaintiff claims the ALJ erred by failing to fully and fairly develop the record. ECF No. 8 at 19-20. Specifically, Plaintiff claims the following: "The Administrative Law Judge should have sought an opinion from Plaintiff's treating physicians, or in the alternative, ordered consultative examinations, including psychiatric and/or psychological evaluations, to assess Plaintiff's mental and

---

[5] Because Plaintiff did not have a marked limitation in any of the first three domains, this Court does not need to address the final domain of whether Plaintiff had repeated episodes of decompensation (each of extended duration).

8

physical residual functional capacity." *Id.*

While Plaintiff is correct that the ALJ does have a duty to fully and fairly develop the record, the ALJ in this case developed a record of over eight hundred pages. The record includes notes from Plaintiff's treating physicians as well as reports from consultative examinations. Plaintiff has provided no indication in his argument or briefing as to how he was prejudiced by the ALJ's alleged failure to develop the record. Thus, this case should not be reversed and remanded on this basis. *See Onstad v. Shalala,* 999 F.2d 1232, 1234 (8th Cir. 1993) (holding that "absent unfairness or prejudice, we will not remand").

**4.　Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 17th day of January, 2012.**

　　　　　　　　　　　　　　　　　　　　/s/   Barry A. Bryant
　　　　　　　　　　　　　　　　　　　　HON. BARRY A. BRYANT
　　　　　　　　　　　　　　　　　　　　U.S. MAGISTRATE JUDGE